## Case No. 4,946.

FORSAITH v. MERRITT et al.

[1 Lowell, 336; [1] 3 N. B. R. 48 (Quarto, 11); 2 Am. Law T. 123; 1 Am. Law T. Rep. Bankr. 168.]

District Court, D. Massachusetts. June, 1869.

W. A. Herrick and W. J. Forsaith, for plaintiffs.

H. A. Clapp, for defendant.

LOWELL, District Judge. This is a case of new impression. The plaintiff who is the assignee of one partner seeks to set aside a preference given by both to a joint creditor. There is a suggestion of Mr. Justice Story that in some cases the court may require the partner who is not in bankruptcy to deliver up the joint assets. Parker v. Muggridge [Case No. 10,743]. And Judge Ware acted on this intimation, and decreed to the assignee the possession of joint books and accounts which were in the possession of the insolvent partner, who was not a technical bankrupt. Ayer v. Brastow [Id. 682]. But I have seen no case which decides that a preference by two partners can be avoided by the assignee of only one of them. A preference is valid at common law and in equity, and is voidable only by an assignee in bankruptcy, and only when the proceedings in bankruptcy are begun within four months, or according to another construction of the statute, within six months after the act is committed; but in this case the defendant, Farnum, has not become bankrupt, and six months have elapsed, so that it is conclusively settled that there has been no joint preference. Now the assignment does not vest the joint property in the assignee of one partner, and he cannot sue for it without joining the other partner. Eckhardt v. Wilson, 8 Term R. 142. It does not dissolve an attachment of joint property theretofore made at the suit of a joint creditor. Fern v. Cushing, 4 Cush. 357. The equities of the separate assignee must be worked out through the title of his assignor. The decision of Judge Ware was founded on the equity which each partner has, to see that joint creditors are paid pro rata; but a partner has no equity to set aside his own conveyances.

I am not now dealing with the right of a separate assignee to recover the bankrupt's interest in joint property conveyed by a joint fraud, or to recover his share in a surplus. What I decide is that here was no joint fraud, because a preference is only fraudulent sub modo and on condition that the grantors become bankrupt within four or six months, and the bill clearly shows that there was no surplus.

If the facts are truly alleged in the bill the joint creditors should have taken care that both partners were adjudged bankrupt, within the time limited by the statute. As they have not taken this course. I must infer that they did not think it worth their while to interfere with what, in the absence of bankruptcy, is only the payment of a just debt.

So far as the bill seeks an account from Farnum of the partnership affairs, it is demurrable only on the ground of multifariousness and misjoinder, and may, perhaps, be amended on proper terms, by striking out all other matters after the defendants George and John Merritt have been dismissed. Demurrer sustained.